

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | No.: 4:11 - CR -115-A |
| | § § | |
| LOUIS E. GRAY | § | |

## FACTUAL RESUME

**INFORMATION:**  Count One:  Possession of Child Pornography

**PLEA:**  Guilty plea to Count One

Count One:  Possession of Child Pornography, 18 U.S.C. § 2252(a)(4)(B);

**MAXIMUM PENALTY:**  Count One:  Possession of Child Pornography

Term of imprisonment for a term not less than ten (10) years and not more than twenty (20) years and a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss, a mandatory special assessment of $100.00 dollars; a term of supervised release of any term of years to life but not less than five years. Revocation of the term of supervised release could result in the imposition of an additional term of imprisonment. The effect of a revocation of a term of Supervised Release is to make the overall period of incarceration longer.

Restitution to victims or to the community, which may be mandatory under the law; costs of incarceration and supervision.

**ELEMENTS OF THE OFFENSE:**  In order to establish the offense alleged in Count One of the Information, the Government must prove the following elements

beyond a reasonable doubt:

First: That on or about the date set out in the Information, the defendant did knowingly possess a visual depiction of a minor engaged in sexually explicit conduct; and

Second: That image had been mailed, shipped or transported in interstate or foreign commerce.

## STIPULATION OF FACTS:

1. On or about July 6, 2011, in the Fort Worth Division of the Northern District of Texas, defendant Louis E. Gray, knowingly possessed matter, specifically, a computer, that contained visual depictions of minors engaged in sexually explicit conduct that had been mailed, shipped, and transported in interstate and foreign commerce, including by computer, and which were produced using materials that had been mailed, transported, and shipped in interstate and foreign commerce.

2. Gray knowingly possessed the following images on his hard drive on July 6, 2011:

| File name | Description of image |
| --- | --- |
| 9yo sucking cock and moaning, new, very hot, amatuer.avi | This is a video file that depicts a blindfolded minor female performing oral sex on an adult male. |
| Vicky & Janice.mpg | This is a video file that depicts the lewd and lascivious exhibition of the genitals of prepubescent minor females. |
| K@ty 7Yo Strip And Suck-Good Fullcum Version-Pthc.mpg | This is a video file that depicts a prepubescent female displaying her genitals in a lewd and lascivious manner, and performing oral sex on adult penis. |

3. Gray stipulates that these images above had been mailed, shipped or transported in interstate and foreign commerce and that the images include images of real children.

4. Gray admits that he was convicted on September 16, 1992, in the District

Factual Resume - Page 2

Court of the Sixth Judicial Circuit, Champaign County, Illinois, in Case number 92-CF-888, Aggravated Criminal Sexual Abuse, in violation of Illinois Penal Code Chapter 38, Section 12-16(d), an offense that relates to the aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor.

5. The defendant states he is the sole owner of the hard drives and computers located within his residence, and agrees to forfeit this property to the Government in federal administrative and/or judicial (criminal or civil) forfeiture proceedings. The defendant states the above-described property is the type of property described in 18 U.S.C. § 2253(a) and was involved in the offense alleged in Count One of the Information. The defendant agrees the above-described property is subject to forfeiture pursuant to 18 U.S.C. §§ 2253 and 2254 and agrees to its forfeiture in an administrative forfeiture proceeding pursuant to 18 U.S.C. §§ 981 and/or 983; the Code of Federal Regulations; and/or 19 U.S.C. §§ 1607-1609. The defendant agrees he will not file claims to the above-described property in any administrative and/or judicial (civil or criminal) forfeiture proceedings, and if he has filed claims to the above-described property in such proceedings, he now withdraws those claims and will execute the necessary documents to withdraw said claims and any other documents as requested by the government to effect the forfeiture of the above-described property and the transfer of his interest in it to the government. The defendant waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative and/or judicial (civil or criminal) forfeiture proceedings with respect to the property, including those set out in 18 U.S.C. §§ 983; 19 U.S.C. § 1621; and/or any other applicable statute of limitations. The defendant consents to the entry of orders of forfeiture for the above-described property and waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure regarding any criminal forfeiture proceedings. The defendant acknowledges and understands that the forfeiture of the above-described property is part of the sentence which may be imposed in this case and waives any requirement of the Court to advise him of the same pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to effect administrative and/or judicial (civil or criminal) forfeiture of the above-described property. The seizure/forfeiture provisions of this agreement only include the computer and related items seized by the government on March 1, 2010. The defendant waives all challenges (constitutional, statutory, habeas, etc.) to any administrative and/or judicial (civil or criminal) forfeiture of the above-described property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of the above-described property.

SIGNED and AGREED to on this the 12th day of July, 2011.

_____
Louis E. Gray
Defendant

_____
William Biggs
Attorney for Defendant

    I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____     7/12/11
Louis E. Gray                              Date

    I am the defendant's counsel. I have carefully reviewed every part of this Factual Resume with the defendant, including the notice that he is required to register as a sex offender. To my knowledge and belief, my client's decision to enter into this Factual Resume is an informed and voluntary one.

_____     7/12/11
William Biggs                              Date
Attorney for Defendant